UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON HARGIS, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC. et al., <br><br> Defendants. | 2:16-cv-00122-RCJ-PAL <br><br> **ORDER** |

This case arises out of a faulty eye-wash station. Pending before the Court is a Motion to Remand (ECF No. 15). The Court denies the motion.

I.   **FACTS AND PROCEDURAL HISTORY**

On or about November 5, 2013, Plaintiff Jason Hargis was on Defendants' premises while working for his third-party employer when bleach was splattered onto his face. (Compl. ¶¶ 10, ECF No. 1-2). Although he was wearing safety glasses, some bleach got into his eyes. (*Id.* ¶ 11). Plaintiff's coworker guided him to an eye-wash station, but rusty, brown water came out of the station for an extended period of time before clear water came out. (*Id.* ¶¶ 12–14).

Plaintiff sued Defendants Excel, Inc.; Wal-Mart Stores, Inc.; and Paskin Properties (1900 Aerojet), LLC in state court for negligence; negligence per se; negligent hiring, training and

supervision ("NHTS"); and res ipsa loquitur.[1]  Defendants removed.  Plaintiff has moved to remand based on the amount in controversy.

## II.    LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).  Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III.    ANALYSIS

Defendants first argue that there is at least $70,000 in compensatory damages at stake on the face of the Complaint, because Plaintiff seeks more than $10,000 for: (1) past damages under the negligence claim, (Compl. ¶ 24); (2) future damages under the negligence claim (*id.* ¶ 26); (3) past and future damages under the negligence per se claim, (*id.* ¶ 35); (4) past damages under the NHTS claim, (*id.* ¶ 40); (5) future damages under the negligence per se claim, (*id.* ¶ 42); (6) past damages under the res ipsa loquitur claim, (*id.* ¶ 48); and future damages under the res ipsa loquitur claim, (*id.* ¶ 50).  The Court accepts this argument in part but rejects it in part.  In order to avoid the exclusive jurisdiction of the justice court and invoke the general jurisdiction of the district court, a plaintiff in Nevada must allege more than $10,000 in damages. *See* Nev. Rev. Stat. § 4.370(1)(b).  For the purposes of the amount-in-controversy requirement, however, it is not appropriate to count $10,000 in general damages for each cause of action based on the same underlying wrong, because that would presume that a plaintiff could obtain duplicative damages

---

1 Only the negligence and NHTS claims are independent causes of action.  Negligence per se and res ipsa loquitur are legal theories relating to the duty and negligence elements of the negligence claim.

for the same wrong under various tort theories, which he cannot. *See Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 248–49 (Nev. 2008). On the other hand, it is appropriate to count $10,000 for each category of damages separately sought where a pleading so indicates. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697–98 (9th Cir. 2007).

Here, the Complaint seeks more than $20,000 on its face, because it explicitly seeks more than $10,000 in both past damages and future damages. (*See* Compl. ¶¶ 24, 26). Defendants also note that Plaintiff seeks punitive damages and attorney's fees, which are included in the calculation if available by statute, rule, or contract. *See Barry v. Edmunds*, 116 U.S. 550, 562–65 (1886) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (attorney's fees). Punitive damages and attorney's fees are potentially available under state law in this case. *See* Nev. Rev. Stat. § 41.005 (punitive damages); *id.* § 18.010(2)(b) (attorney's fees).

Defendants adduce Plaintiff's initial disclosures, which indicate over $3,000 in past medical bills (plus two past medical providers for which invoices have not yet been received), an estimated $25,000 in future medical bills, and an estimated $25,000 in punitive damages. (*See* Initial Disclosures 2, 7–8, ECF No. 17-2). Plaintiff adduces no contrary evidence. The Court is convinced by a preponderance of the evidence that Plaintiff stands to obtain more than $75,000 if successful at trial. Plaintiff has admitted via these disclosures that he seeks over $53,000 at this early stage, not counting attorney's fees or yet-to-be-received bills from two providers for past services. He also has disclosed that he will seek past and future loss of earnings and past and future pain and suffering. (*Id.* 7–8). These measures of relief taken together (the yet-unreceived past medical bills, past and future loss of earnings, past and future pain and suffering, and attorney's fees) would more likely than not exceed $22,000 if recovered.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 15) is DENIED

IT IS SO ORDERED.

DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge